### PUBLIC OFFICERS — CLERKS OF COURT — CLERK ACTING OUT OF HOME COUNTY — OFFICER QUALIFYING OUT OF COUNTY OF RESIDENCE

May 23, 1995

*The Honorable John T. Willis*
*Secretary of State*

You have requested our interpretation of one portion of Article I, Section 10 of the Maryland Constitution, which describes the methods by which certain public officers may qualify.[1] Specifically, you posed two questions about an officer's qualifying "before any Clerk of any Court of Record in any part of the State":

1.    Does the term "any Clerk of any Court of Record" permit a Clerk to qualify an officer in a county other than the Clerk's home county?

2.    May the Clerk of the Circuit Court for Anne Arundel County swear in an officer who will serve in, or who resides in, another county?

For the reasons stated below, we conclude as follows:

1.    A clerk of the circuit court may not administer an oath outside the jurisdiction in which the clerk serves.

2.    The Clerk of the Circuit Court for Anne Arundel County may administer the oath to an officer who resides in, or who will serve in, another county.

---

[1] In 80 *Opinions of the Attorney General* 262 (1995), we addressed your question about the role of the Governor under Article I, §10.

# I

## Exercise of Clerk's Authority Out-of-County

Article IV, §25 of the Constitution provides for the election of a clerk of each circuit court by a plurality of voters for that county or Baltimore City. Under Article IV, §20, the circuit courts have power, authority, and jurisdiction "within the respective counties." Similarly, §1-501 of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code, provides that a circuit court "has full common-law and equity powers and jurisdiction in all ... cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law ...." Because the clerk is an officer of the circuit court, the clerk's authority does not extend beyond the county in which the clerk serves unless some provision of law expressly provides for the exercise of out-of-county authority.

Nothing in CJ Title 2 of the Courts Article or Article 70 of the Code expressly authorizes a clerk to administer an oath outside of the county. In striking contrast, a notary public is expressly authorized by Article 68, §7 to "exercise all functions of the office of notary in any other county or city than the county or city for which he may be appointed." Likewise, a sheriff has express authority to perform certain duties outside of the county from which the sheriff was elected. *See, e.g.,* CJ §2-301 (authorizing a sheriff to service process in another county). No comparable provision authorizes a clerk of the circuit court to carry out duties in another county.

# II

## Administration of Oath to Officers Serving Out-of-County

Article I, §10 of the Constitution expressly authorizes a clerk to qualify an officer by administering the oath, albeit the officer lives in a different county: "[I]n case an officer shall qualify out of the County in which he resides, an official copy of his oath shall be filed and recorded in the Clerk's office of the Circuit Court of the County in which he may reside, or in the Clerk's office of the Superior Court

in the City of Baltimore, if he shall reside therein."[2]  The place of service of the officer is immaterial.  Thus, the Clerk of the Circuit Court for Anne Arundel County may administer the oath to officers who reside in (or who will serve in) another county.


## III

### Conclusion

In summary, it is our opinion that:

1.    A clerk of the circuit court may not administer an oath outside the jurisdiction in which the clerk serves.

2.    The Clerk of the Circuit Court for Anne Arundel County may administer the oath to an officer who resides in, or who will hold office in, another county.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

---

[2] The reference to "the Superior Court in the City of Baltimore" is outmoded.  The old Superior Court is now part of the Circuit Court for Baltimore City.  *See* Chapter 523 of the Laws of Maryland 1980 (ratified November 4, 1980).